FRANCIS L. HAMILTON v. J. J. TERRELL, COMMISSIONER OF THE GENERAL LAND OFFICE, ET AL.

No. 1799.   Decided February 5, 1908.

**School Land—Abandonment—Cancellation and Reappraisement.**

An applicant under the law of 1907 (Act of May 16, 1907, Laws, 30th Leg. p. 492) to purchase school land subject to sale without actual settlement and which has been abandoned by a previous purchaser, in order to entitle him to mandamus requiring the acceptance of his offer is required (section 6b) to show that the Commissioner had cancelled such former sale and had reappraised and offered it for sale to the highest bidder. (Pp. 330, 331.)

Motion by Hamilton in the Supreme Court for leave to file a petition for mandamus against the Land Commissioner.

*John S. Gregory,* for applicant.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a motion for leave to file a petition for the writ of mandamus against the Commissioner of the General Land Office.

The petition shows that the land in controversy, a part of the public free school land of the State, was sold by the Commissioner of the General Land Office to one Peterson, in the year 1893, for

$140 cash and the balance payable in equal installments of one-fortieth of the purchase money running for thirty-nine years. Peterson defaulted in payment of the interest in the year 1903 and the sale was forfeited and the land again placed upon the market. It was afterwards sold to one Gregory as an actual settler at $5 per acre. About the first of October, 1907, Gregory abandoned the land. On the 7th of November, 1907, this relator filed his application to purchase the land at $5.01 per acre and his application was rejected on the ground that the land would not come upon the market until the 11th day of that month. He again, on the 16th day of the month, applied to have his application refiled, which was rejected on the ground that Peterson's purchase had been reinstated.

The law of 1907 was in force at the time of the abandonment of his purchase by Gregory. Section 6b contains this provision: "Such of the land in the counties included within this section as is now sold but which may hereafter become subject to sale shall not be subject to sale until the former sale shall have been cancelled and the land and timber, if any thereon, shall be reappraised by the Commissioner and a date fixed, not more than sixty days from the date of such cancellation, when it may be subject to sale to the one offering the highest price therefor. Notice of such cancellation and reappraisement shall be mailed to the proper county clerk, together with the date when the land and timber, if any, will be subject to sale." (Laws 1907, p. 492.) "Such land" means under the provision of the act, lands that are subject to sale without the condition of actual settlement. The previous section of the act (Section 6a) mentions by name the counties in which actual settlement is required, and Jefferson is not one of them.

Since the petition does not show that the Commissioner had cancelled the sale to Gregory and had reappraised and offered it for sale to the highest bidder, it does not appear that it was on the market at the time the relator attempted to purchase it.

The motion to file the petition is therefore overruled.